UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-cr-00048 WBS CSK |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SHAWN ANN WHITE, | |
| Defendant. | |

Pending before the Court are defendant's objections to the writ of garnishment and request for a hearing. (ECF No. 4.) For the following reasons, this Court recommends that defendant's objections to the writ of garnishment be overruled and that defendant's request for a hearing be denied.

**I. BACKGROUND**

On or around September 16, 2016, in the United States District Court for the Southern District of Mississippi, defendant pled guilty to one count of Conspiracy to Commit Identity Theft and Theft of Government Funds.[1] (United States v. White, No. 1:15-cr-00055 (S.D. Miss.), ECF No. 238.) In an amended judgment filed February 2, 2017, in addition to incarceration and a

---

[1] This Court takes judicial notice of the record of defendant's criminal case in the United States District Court for the Southern District of Mississippi, Case No. 1:15-cr-00055-LG-RHW-3 (S.D. Miss.). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (court may take judicial notice of documents on file in federal courts)

1   period of supervised release, the court ordered defendant to pay $90,747.91 in restitution.

2   (United States v. White, No. 1:15-cr-00055 (S.D. Miss.), ECF No. 276.)

3         On March 11, 2021, supervised release of defendant was transferred to the United States

4   District Court for the Eastern District of California. (United States v. White, No. 1:15-cr-00055

5   (S.D. Miss.), ECF No. 323.)

6         On September 11, 2024, in the Southern District of Mississippi, the United States filed an

7   application for a writ of garnishment seeking to garnish 25% of defendant's non-exempt

8   disposable income from defendant's employer, Western Dental Services, Inc. (United States v.

9   White, No. 1:15-cr-00055 (S.D. Miss.), ECF No. 335.) On September 11, 2024, the Clerk of the

10  Court for the Southern District of Mississippi issued the Writ of Garnishment. (United States v.

11  White, No. 1:15-cr-00055 (S.D. Miss.), ECF No. 336.) In the Clerk's Notice issued with the Writ

12  of Garnishment, the Clerk advised defendant that the United States sought the balance owed of

13  her restitution, $83,532.75. (United States v. White, No. 1:15-cr-00055 (S.D. Miss.), ECF No.

14  337.) The Clerk's Notice further advised defendant that if she requested a hearing pursuant to

15  28 U.S.C. 3202(d), she must notify the court within twenty days of the notice. (Id.) The Clerk's

16  Notice further advised that if the current action is a garnishment under 28 U.S.C. § 3205,

17  defendant may also file objections pursuant to 28 U.S.C. 3205(c) within twenty days after the

18  garnishee filed an answer. (Id.)

19        On October 3, 2024, in the Southern District of Mississippi, defendant filed objections to

20  the application for writ of garnishment and a request for a hearing. (United States v. White, No.

21  1:15-cr-00055 (S.D. Miss.), ECF No. 339.) Defendant also requested that this action be

22  transferred to a district court in California where defendant now resides. (Id.) On October 3,

23  2024, in the Southern District of Mississippi, the United States filed a response to defendant's

24  objections, joining the request for a transfer of jurisdiction of its application for a writ of

25  garnishment to the Eastern District of California. (United States v. White, No. 1:15-cr-00055

26  (S.D. Miss.), ECF No. 340.) On October 8, 2024, the District Court for the Southern District of

27  Mississippi granted defendant's motion to transfer and transferred the United States's application

28  for a writ of garnishment to the Eastern District of California, including movant's objections and

request for a hearing.  (United States v. White, No. 1:15-cr-00055 (S.D. Miss.), ECF No. 341.)

On October 15, 2024, the garnishee, Western Dental Service Inc., filed an answer in the Southern District of Mississippi.  (United States v. White, No. 1:15-cr-00055 (S.D. Miss.), ECF No. 343.)

On November 1, 2024, in the Eastern District of California, the United States filed an opposition to defendant's pending objections and request for a hearing.  (ECF No. 7.)

**II.  LAW REGARDING ENFORCEMENT OF RESTITUTION ORDERS**

Orders for restitution may be enforced by the United States in the same manner as the enforcement of fines or "by all other available and reasonable means."  18 U.S.C. § 3664(m)(1)(A)(i)-(ii); see United States v. Novak, 476 F.3d 1041, 1044 (9th Cir. 2007) (en banc) ("The government is responsible for enforcing restitution orders and turning the funds collected over to victims.").  "One available procedure is a writ of garnishment against a judgment debtor's property."  United States v. Zinnel, 2021 WL 3513808, at *1 (E.D. Cal. Aug. 10, 2021), findings and recommendations adopted, 2021 WL 4777105 (E.D. Cal. Oct. 13, 2021).

The Federal Debt Collection Practices Act ("FDCPA") "sets forth the 'exclusive civil procedures for the United States ... to recover a judgment on ... an amount that is owing to the United States on account of ... restitution.'"  United States v. Mays, 430 F.3d 963, 965 (9th Cir. 2005) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B) (alterations in original)).  "The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663(a), allows the United States to collect on a restitution judgment using the procedures available for the collection of criminal fines outlined in 18 U.S.C. § 3613(a), see 18 U.S.C. §§ 3613(f) and 3664(m); it 'may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law [.]'"  Zinnel, 2021 WL 3513808, at *1 (quoting United States v. Berger, 574 F.3d 1202, 1204 (9th Cir. 2009) (quoting 18 U.S.C. § 3613(a))).

Under the FDCPA, the United States is required to provide the judgment debtor with notice of the commencement of garnishment proceedings.  28 U.S.C. § 3202(b)-(c).  The judgment debtor has twenty days after receipt of the notice to request a hearing, at which the judgment debtor may move to quash any order granting the garnishment.  28 U.S.C. § 3202(d).  If

1    a garnishment hearing is held, it is limited to the issues of: "(1) the probable validity of any claim
2    of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the
3    issuance of the postjudgment remedy granted; and (3) if the judgment is by default and only to the
4    extent that the Constitution or another law of the United States provides a right to a hearing on the
5    issue, to—(A) the probable validity of the claim for the debt which is merged in the judgment;
6    and (B) the existence of good cause for setting aside such judgment." 28 U.S.C. § 3202(d).

7        "Although the Act states that the court 'shall hold a hearing' at the debtor's request, courts
8    have denied a hearing where the debtor did not object based on one of the issues specified in
9    28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was
10   simply a matter of statutory interpretation." United States v. Bruneau, 2013 WL 6409518, at *3
11   (D. Ariz. Oct. 23, 2013), findings and recommendation adopted as modified on other grounds,
12   2013 WL 6409486 (D. Ariz. Dec. 9, 2013) (quoting United States v. Miller, 588 F. Supp. 2d 789,
13   798 (W.D. Mich. 2008)).

14   **III. DISCUSSION**

15       In her objections, defendant objects to the writ of garnishment pursuant to
16   28 U.S.C. § 3205(c)(5). (ECF No. 4 at 1.) Section 3205(c)(5) provides that within 20 days after
17   receipt of the answer from the garnishee, the judgment debtor or the United States may file a
18   written objection to the answer and request a hearing. As noted by the United States in the
19   opposition, defendant cannot be objecting to the garnishee's answer because the answer was filed
20   on October 15, 2024, after defendant filed her objections and request for a hearing on October 3,
21   2024. Accordingly, the United States correctly construes defendant's objections and request for a
22   hearing as having been brought pursuant to 28 U.S.C. § 3202(d).

23       Defendant first objects to the writ of garnishment on the grounds that, based on
24   conversations with her parole officer, defendant believed that her financial obligations under the
25   order for restitution terminated upon her discharge from parole. (ECF No. 4 at 3.) As observed
26   by the United States in the opposition, the liability for fines and restitution terminates 20 years
27   after the entry of the judgment or 20 years after release from imprisonment, whichever is later.
28

See 18 U.S.C. § 3613(b).  Defendant was released from prison on December 18, 2018.[2] Therefore, defendant's claim that her obligation to pay restitution has ended is without merit.

Defendant next objects to the writ of garnishment on the grounds of financial hardship. (ECF No. 4 at 3.)  Defendant's claim of financial hardship is not cognizable grounds for relief from a garnishment action.  See United States v Thede, 2020 WL 1952595, at *1 (D. Ariz. Apr. 23, 2020) (financial hardship is not a permissible defense to garnishment specified in Section 3202(d)); United States v. Taylor, 2015 WL 128160, at *2 (E.D. Cal. Jan. 8, 2015) ("[N]either economic distress nor the failure of the government to institute a payment schedule that is convenient for Defendant are cognizable grounds for relief from a garnishment action."); United States v. Bullock, 2011 WL 486233, at *2 (W.D. N.C. Feb. 7, 2011) ("What defendants may not contest [under § 3202(d)] is their claimed inability to afford the amount of garnishment.") (citations omitted).

In her objections, defendant also fails to object to the writ of garnishment on any of the issues identified in 28 U.S.C. § 3202(d).  Defendant does not identify any exemption she claims is applicable.  See 28 U.S.C. § 3202(d)(1).  Defendant does not claim that the United States failed to comply with the statutory requirements for the issuance of the writ.  See 28 U.S.C. § 3202(d)(2). The criminal restitution judgment against defendant was not issued by default.  See 28 U.S.C. 3202(d)(3).  Accordingly, defendant is not entitled to a hearing under 28 U.S.C. § 3202 because she fails to allege any of the statutory requirements that would entitle her to a hearing. See Taylor, 2015 WL 128160, at *2 (the bases upon which a person subject to garnishment may object are limited to issues identified in 28 U.S.C. § 3202(d)); Bruneau, 2013 WL 6409518, at *3 (scope of any garnishment hearing is limited to issues specified in 28 U.S.C. § 3202(d)); United States v. Atkins, 2016 WL 7240594, at *2 (N.D. Tex. Nov. 4, 2016) (denying request for hearing pursuant to 28 U.S.C. § 3202 where defendant failed to allege any of the statutory requirements that would entitle him to a hearing).

///

---

[2] See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/mobile/find_inmate/byname.

## IV. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that defendant's objections to the writ of garnishment be overruled and that defendant's request for a hearing (ECF No. 4) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Wh48.2572